IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSH FLEMING,<br><br>      Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SERVICES,<br>ALFONSO DAVID, ASHLY NICHOLS,<br>and AMANDA SMITH,<br><br>      Defendants. | Case No. 23-cv-211-MAB |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Josh Fleming, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Fleming alleges Defendants were deliberately indifferent to his infected wound in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1]  Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and Wexford and this Court.

1

portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Fleming makes the following allegations: On August 8, 2022 Fleming had a violent seizure in his cell and cut his leg (Doc. 1, p. 8). The leg wound became infected with MRSA. Fleming alleges that healthcare staff ignored his infection for over two months. His family specifically called and spoke with the director of healthcare at Shawnee, Ashley Nichols, but she hung up on them (*Id.*). Fleming further alleges that he saw Dr. Alfonso David and Nichols on a number of occasions and they both observed an abscess on his right ankle, but still refused to send him to an outside hospital for care (*Id.*). Although Fleming does not indicate the exact date, at some point nurses at Shawnee sent him to the emergency room where he was diagnosed with MRSA. Fleming was transferred to St. Louis University Hospital where he received surgery to remove the infection which had spread to his bone (*Id.*).

In addition to his claim regarding the care he received for his MRSA infection, Fleming includes additional allegations about his care at Shawnee since his return from the hospital. Fleming alleges his "neglect" has gotten worse because he allegedly witnessed the director of nurses in a compromising position. Fleming informed his mental health counselor about the incident and the mental health supervisor, Amanda Smith, reported the encounter to officials (*Id*. at pp. 8-9). Fleming alleges his medical care

has been hindered since reporting the director's inappropriate behavior (*Id*. at p. 9). Nurses have made comments about Fleming and have called him names (*Id*.).

Fleming also alleges that he suffers from cerebral palsy and was also injured in a previous accident but the prison refused him a "helper" to assist with everyday tasks such as putting on his socks and shoes (*Id*.). Fleming alleges that he is refused a job because of his disability and his door was deadlocked and he was unable to go to chow because of his previous statements (*Id*.). He also believes he has been refused a "helper" because he is a homosexual.

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

> **Count 1:** Eighth Amendment deliberate indifference claim against Alfonso David, Ashly Nichols, and Wexford Health Services for failing to treat Fleming's MRSA infection and leg injury.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

At this stage, Fleming states a viable deliberate indifference claim against Dr. Alfonso David and Ashly Nichols. He alleges that both individuals were informed of his need for medical care but failed to provide him with treatment for months.

To the extent that Fleming identifies Wexford Health Services as a defendant, Fleming fails to state a claim against Wexford for deliberate indifference. In order to state a claim against Wexford, Fleming must point to an "(1) an express [corporate] policy; (2) a widespread and persistent practice that amounted to a custom approaching the force of law; or (3) an official with final policymaking authority" who caused the deprivation. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021). Fleming fails to point to any policy of Wexford that led to the denial of his medical care. He fails to even identify Wexford in the statement of his claim. Thus, Wexford is **DISMISSED without prejudice.**

**Other Potential Claims**

Fleming raises a number of additional allegations which fail to state a claim. He alleges that he has been denied care because of reports he made about the director's conduct. But to the extent that Fleming seeks to raise a First Amendment retaliation claim, he fails to state a claim. "First Amendment retaliation cases require the petitioner to show that the speech or activity was constitutionally protected, a deprivation occurred to deter the protected speech or activity, and the speech or activity was at least a motivating factor in the decision to take retaliatory action." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). Fleming alleges that his care was hindered by his statements, but he fails to allege how his care was hindered and by whom. Although he alleges he reported the director

of nurses, he fails to allege that the director refused to treat him in retaliation or that any officials interfered with his medical care. He further alleges that Defendant Amanda Smith reported his allegations to Springfield but fails to allege that Smith sought to retaliate against him or participated in the medical care he received. Instead, he merely alleges that nurses called him names which is not enough to state a claim. Thus, any retaliation claim is **DISMISSED without prejudice**. Further, any claim against Amanda Smith is **DISMISSED without prejudice**.

Further, it appears that Fleming may also be attempting to allege a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, or the Rehabilitation Act, 29 U.S.C. §§ 794–94e. He alleges that he has been denied access to a helper, a job, and the chow hall. It is not entirely clear that he is attempting to raise such a claim. Moreover, any claim regarding treatment for conditions *other* than his MRSA condition would be unrelated to the claims in this lawsuit. Thus, Fleming must pursue any unrelated ADA claim in a new lawsuit after first exhausting his administrative remedies. Similarly, any claim that he is being denied services because of his homosexuality is unrelated to his claim regarding the treatment of his MRSA infection and must be pursued in a new case after exhausting his administrative remedies. Thus, these potential claims are **DISMISSED without prejudice**.

## Pending Motions

As to Fleming's motion for counsel (Doc. 8), he states that his family has contacted several attorneys to take his case. He also notes that he has some high school education but is unfamiliar with the law. Given the early stage of the litigation, however, it is

difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[3] Further, Defendants have yet to enter the case and there are no current deadlines which would require the assistance of counsel. Thus, Fleming's motion for counsel (Doc. 8) is **DENIED without prejudice**.

## Disposition

For the reasons stated above, Count 1 shall proceed against Dr. Alfonso David and Ashly Nichols. Amanda Smith and Wexford Health Services are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Dr. Alfonso David and Ashly Nichols: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Fleming. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

---

[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

If a defendant can no longer be found at the work address provided by Fleming, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Fleming, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Fleming is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 6/21/2023**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**