IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSH FLEMING, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-CV-211-MAB |
| | ) |
| ALFONSO DAVID and | ) |
| ASHLY NICHOLS, | ) |
| | ) |
|        Defendants. | ) |

**MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

    This matter is before the Court *sua sponte* for case management purposes. Plaintiff Josh Fleming filed this *pro se* lawsuit in January 2023 pursuant to 42 U.S.C. § 1983, for alleged deprivations of his rights while incarcerated at Shawnee Correctional Center (Doc. 1; Doc. 11). Plaintiff was repeatedly advised of his continuing obligation to keep the Clerk of Court informed of any change in his address and that his failure to do so may result in dismissal of his case (Docs. 3, 6, 11). Local Rule 3.1(b) also outlines this continuing obligation, as Plaintiff is proceeding *in forma pauperis* (Doc. 7).

    In August 2023, staff at Shawnee notified the Court that Plaintiff had been released from prison and was therefore not receiving any of the Notices of Electronic Filing (NEFs) or other documents that were sent electronically to the prison for Plaintiff. Documents subsequently mailed to Plaintiff were also returned to the Court as undeliverable (Docs. 31, 32). The Illinois Department of Corrections' website reflects that Plaintiff has been

released from Shawnee on parole on August 11, 2023.

Plaintiff was ordered to show cause in writing by October 6, 2023, why this case should not be dismissed based on his failure to comply with the Court's Order to update his address and for failure to prosecute his claims (Doc. 33). Plaintiff was explicitly warned that if he failed to respond to the order to show cause, this case would be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket. (Doc. 78). *See* FED. R. CIV. P. 41(b). To date, Plaintiff has not filed any type of response or made any effort to otherwise communicate with the Court.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). "The court should exercise this right sparingly" and should dismiss a case "only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)); *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004)).

In this matter, Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so. But Plaintiff is nevertheless obligated to comply with Court orders and to communicate with the Court. Under the circumstances presented here, Plaintiff has given the Court no other option but to dismiss the case.

Consequently, this matter is **DISMISSED** with prejudice pursuant to Rule 41(b) for failure to comply with a Court Order and failure to prosecute. The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 24, 2023**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

### NOTICE

Plaintiff is advised that this is a final decision ending his case in this Court. If Plaintiff wishes to contest this decision, he has two options: he can ask the undersigned to reconsider the Order or he can appeal to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal in the district court *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e).

If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).

On the other hand, if Plaintiff wants to start with the undersigned, he can file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), but such a motion is not required to preserve his appellate rights. Any Rule 59(e) motion *must* be filed within twenty-eight (28) days of the entry of judgment. FED. R. CIV. P. 59(e), and the deadline *cannot* be extended. *See* FED. R. CIV. P. 6(b)(2). Any motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010) ("This court has held that otherwise timely skeletal motions that fail to satisfy the requirements of FED. R. CIV. P. 7(b)(1) do not postpone the 30–day period for filing a notice of appeal . . . .").

So long as the Rule 59(e) motion is in proper form and filed no later than 28 days after the judgment is entered, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the motion is ruled on. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal, and the clock will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor,* 556 F.2d

818, 819–20 (7th Cir. 1977). Again, the deadline for filing a notice of appeal can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.